IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MELTON SUMMERVILLE,           )
                              )
    Plaintiff,                )
                              )
    v.                        )      1:05CV223
                              )
DUKE UNIVERSITY,              )
                              )
    Defendant.                )

MEMORANDUM OPINION

OSTEEN, District Judge

Plaintiff Melton Summerville, appearing pro se, filed this suit against Defendant Duke University, alleging a violation of 29 U.S.C. § 411(a)(4). The action was filed in North Carolina Superior Court and was removed by Defendant to this court. This matter is before the court on Plaintiff's motion to remand and Defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

I. BACKGROUND

Plaintiff is an employee of Defendant. He is also a member of Local 77 of the American Federation of State, County, and Municipal Employees ("AFSCME"). In August 2003, Plaintiff filed a complaint against Local 77 and the AFSCME alleging misfeasance in connection with a dispute resolution procedure conducted by the AFSCME.[1] During discovery in that action, Plaintiff served

---

[1] Plaintiff had filed a complaint against Local 77 with the AFSCME and had been unhappy with the way the AFSCME had handled
(continued...)

Defendant with a subpoena requesting that Defendant respond to a set of interrogatories.  In response, Defendant filed a motion to quash the subpoena and a motion for a protective order against any further discovery requests from Plaintiff.[2]  Around the same time, Defendant's Director of Staff and Labor Relations, Denise L. Evans, provided Local 77 and the AFSCME an affidavit supporting their position.  The affidavit was attached to motions by Local 77 and the AFSCME for summary judgment, which were granted by the court.

II. ANALYSIS

Plaintiff claims Defendant has violated 29 U.S.C. § 411(a)(4), which states that "no interested employer or employer association shall directly or indirectly finance, encourage, or participate in, except as a party, any such action, proceeding, appearance, or petition."  Plaintiff argues that by filing a motion to quash and by allowing Ms. Evans to provide an affidavit favorable to his opponents, Defendant participated in Plaintiff's earlier action.  There are two outstanding motions in this case.  The court will first discuss Plaintiff's motion to remand and

---

[1](...continued)
the matter through its dispute resolution procedure.  Plaintiff's complaint dealt with matters arising from negotiations between Local 77 and Defendant regarding a collective bargaining agreement.

[2] Defendant made the following arguments: (1) because it was not a party to the action, it could not be required to respond to interrogatories, according to Federal Rule of Civil Procedure 33, and (2) evidence from Defendant was not relevant to the events surrounding the dispute resolution proceedings.

2

then discuss Defendant's motion to dismiss.

   A.  Plaintiff's Motion to Remand

   Plaintiff has asked the court to remand his case to state court on the ground that this court has a conflict of interest. Specifically, Plaintiff argues that it would be inappropriate for the court to rule on the matter in light of the fact that the alleged violation took place in an earlier proceeding before this court. Plaintiff further asserts that a state court, as a neutral court, would be a more appropriate forum.

   Remand is appropriate when a defendant has improperly removed a case to federal court, when state law matters predominate over federal law matters, when federal law elements have been dismissed from a case, and when abstention is appropriate under one of the abstention doctrines. See generally 14C Wright, Miller, & Cooper, Federal Practice and Procedure § 3729 (3d ed. 1998 & Supp. 2005). Plaintiff's claim does not fall into one of these categories. Since the case met the statutory requirements for removal, Defendant was entitled to do so.[3] Even assuming that Plaintiff's conflict-of-interest claim is valid, it does not suggest that state court is a more appropriate forum for the litigation of this federal statutory claim than federal court. Plaintiff's claim does not outweigh Defendant's

---

[3] According to 28 U.S.C. § 1441, a defendant may remove to federal court any action over which the federal court has original jurisdiction. This court has original jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 because the claim arises under a federal statute.

3

legitimate choice of federal court, and Plaintiff is not entitled to have his case remanded to state court.

Nonetheless, although unsuccessful as a motion for remand, Plaintiff's motion can also be construed as a motion for disqualification under 28 U.S.C. § 455. Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The section creates an objective standard, under which the court must determine whether a reasonable person might question the judge's impartiality. United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998). "[T]he appearance of partiality must arise from some source other than the judge's previous involvement with cases that concerned the parties or witnesses in the present case." United States v. Morris, 988 F.2d 1335, 1337 (4th Cir. 1993).

Plaintiff's suggestion of partiality in this case arises from the fact that this court presided over Plaintiff's earlier action that gave rise to his complaint against Defendant. This type of involvement is not a ground for disqualification. Furthermore, the claim at issue in this case was never raised in the earlier action, and the court had no opportunity to evaluate it or rule upon it. The court has no interest in the earlier action that would cause it to be unable to evaluate Plaintiff's current claim impartially. For these reasons, the court concludes that disqualification is not appropriate under these circumstances.

4

Having concluded that Plaintiff has not provided sufficient justification for this court to either remand the case to state court or disqualify itself from hearing the case, the court will deny Plaintiff's motion.

B.  Defendant's Motion to Dismiss

Defendant has moved to dismiss Plaintiff's claim on the basis that § 411(a)(4) does not create a cause of action against an employer.  The court is aware of only one case dealing with the question.  That case is Bauer v. RBX Industries, Inc., 368 F.3d 569, 586 (6th Cir. 2004), in which the Sixth Circuit concluded that § 411(a)(4) does not create such a cause of action.  The court looked at the text of § 411(a)(4), which protects a union member's right to sue a union.  See id.  The court evaluated the prohibition against participation by an interested employer in the context of the entire provision and determined that

> [t]his provision limits the union member's complete right to initiate a legal proceeding when the member's suit is funded by the employer. . . . Funding by an interested employer of a union member's suit does not make the employer liable; rather, such funding only limits the union member's absolute freedom to initiate legal proceedings.

Id.  This court adopts the reasoning of the Sixth Circuit.  Furthermore, if there is no cause of action against an employer for assisting a union member, there can be no cause of action against an employer for assisting a union, which falls outside the purpose of the statute.  For this reason, Plaintiff has not stated a claim against Defendant for which relief can be granted.

5

III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand will be denied and Defendant's Motion to Dismiss will be granted.

An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 24th day of March 2006.

                                       _____
                                       United States District Judge